NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK DEMON CALDWELL II, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ARIZONA DEPARTMENT OF PUBLIC SAFETY, named as Department of Public Safety; B. HOUCHENS, Highway Patrol Officer, <br><br> Defendants-Appellees. | No. 18-15926 <br><br> D.C. No. 2:17-cv-02582-DLR-ESW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Patrick Demon Caldwell II appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging various constitutional claims

relating to a traffic stop and impoundment of his vehicle.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Caldwell's action for failure to state a claim because Caldwell failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Whren v. United States*, 517 U.S. 806, 810 (1996) (no Fourth Amendment violation when officer has probable cause to believe a traffic violation occurred); *Soldal v. Cook County*, 506 U.S. 56, 61 (1992) (defining a seizure claim under the Fourth Amendment); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (setting forth elements of an equal protection claim).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**